IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jason A. Milner, et al.,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>Robin Biggs, et al.,<br><br>    **Defendants.** | Case No. 2:10-cv-00904<br><br>Judge James L. Graham<br><br>Magistrate Judge King |

**OPINION AND ORDER**

    This matter is before the Court upon the Motion for Reconsideration (doc. # 51) of Plaintiffs Jason, Natasha, and Lexi Milner.  Plaintiffs ask this Court to reconsider its June 8, 2001 Opinion and Order (doc. # 48) dismissing Plaintiffs' claims against Defendants Arrow Title Agency, LLC, Jonathan Holfinger, and Chris Moore for violation of the Ohio Consumer Sales Practices Act ("CSPA" or "Act").  Defendants filed a memorandum in opposition, to which Plaintiffs filed a reply. This matter is now ripe for decision.

    While the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration of a final judgment, they are commonly treated as either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order.  *Hood v. Hood*, 59 F.3d 40, 43 n. 1 (6th Cir. 1995).  Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment," Fed. R. Civ. P. 59(e), while Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, Fed. R. Civ. P. 60(b).  Motions under Rule 59(e) or 60(b) are not intended to be utilized to re-litigate issues previously considered.

    In considering such a motion for reconsideration of a final order, the Court is mindful that the motion is granted only in limited circumstances. Granting or denying a

1

motion for reconsideration is within the informed discretion of the Court, and reversible only upon a showing of an abuse of that discretion. *Shivers v. Grubbs*, 747 F.Supp. 434, 436 (S.D. Ohio 1990). Generally, there are four situations that would justify a court in reconsidering one of its final judgments or orders: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *See GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

In its Opinion and Order, this Court dismissed Plaintiffs' CSPA claims against Defendant Arrow, finding that under *Brown v. Liberty Clubs, Inc.,* 45 Ohio St.3d 191, 192, 543 N.E.2d 783 (1989), and its progeny, title services such as those rendered by Defendants do not fall within the parameters of the Act. After carefully considering the arguments made in Plaintiffs' motion, this Court finds that there is no intervening change in the controlling law, and Plaintiffs' arguments to the contrary are without merit. Further, Plaintiffs do not point to any newly discovered evidence, nor do they present any case law in support of a claim that this Court committed a clear error of law. Last, Plaintiffs fail to make any legal argument that reconsideration would prevent a manifest injustice. As a result, this Court adheres to its original decision. Plaintiffs' motion is **DENIED.**

### IV.  CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Reconsideration (doc. # 51) is **DENIED**.

**IT IS SO ORDERED.**

> s/ James L. Graham
> Judge James L. Graham
> United States District Court

DATE: August 4, 2011