IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON A. MILNER, *et al.*,

      Plaintiffs,

vs.                                    Civil Action 2:10-CV-904
                                        Judge Graham
                                        Magistrate Judge King

ROBIN BIGGS, *et al.*,

      Defendants.

## OPINION AND ORDER

Plaintiffs in this action assert a number of claims in connection with moisture and mold in a residence purchased by them.[1] The matter is now before the Court on *Plaintiffs' Second Motion to Amend Complaint to Join Additional Parties*, Doc. No. 93 ["*Second Motion to Amend*"]. For the reasons that follow, that motion is **DENIED**.

**PROCEDURAL HISTORY**

The action was originally filed in state court and was removed to this Court on October 7, 2010. *Notice of Removal*, Doc. No. 1. Following the Rule 16 conference held on December 8, 2010, the Court directed that all motions to amend be filed, if at all, by February 7, 2011. *Preliminary Pretrial Order*, Doc. No. 18. All discovery was to have been completed by September 1, 2011, *id.*, and motions for summary judgment were to have been filed by November 28, 2011. *Order*, Doc. No. 89. Ten (10) motions for summary judgment are currently pending and the case is scheduled for trial beginning May 14, 2012. *Notice of Final Pretrial and Trial,* Doc. No. 91.

---

[1] Certain claims against certain defendants have been dismissed. *Opinion and Order*, Doc. No. 48.

On June 1, 2011 – almost four months after the date by which motions for leave to amend were to have been filed – plaintiffs filed a motion for leave to amend the complaint and for an extension of time in which to file the proposed amended complaint.  Doc. No. 42.  That request was denied on July 6, 2011 because – in the absence of even a description of the proposed new parties and claims – "the Court is wholly unable to evaluate the sufficiency of the proposed new claims . . . ."  *Order,* Doc. No. 54, p. 1.  On October 12, 2011, plaintiffs filed a motion to dismiss the action without prejudice to renewal, primarily in order to later add a termite inspection company as a party to the case in light of the discovery of termite damage.  *Motion,* Doc. No. 73.  That motion was denied on November 7, 2011 on the basis "that defendants will suffer plain legal prejudice as the result of a dismissal without prejudice."  *Order*, Doc. No. 85, p. 5.  Plaintiffs filed their *Second Motion to Amend* on November 15, 2011.  *Motion,* Doc. No. 93.

By their motion, plaintiffs propose to join a number of individuals or entities as additional defendants, to assert additional claims against certain current defendants, to change the names of two current defendants and to dismiss the claims asserted against John Doe defendants and their claims of mental anguish, unjust enrichment and civil conspiracy.  *Second Motion to Amend*.

**STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  F.R. Civ. P. 15(a)(2).  "[T]he thrust of Rule 15 is to

2

reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In the Sixth Circuit, "there must be 'at least some significant showing of prejudice to the opponent' if the motion [to amend] is to be denied." *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir. 1987) quoting *Moore,* 790 F.2d at 562.

Where, as here, a motion for leave to amend the complaint is filed after the date established in the scheduling order has passed, a plaintiff must also show good cause under Rule 16(b) for the failure to earlier seek leave to amend. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

**DISCUSSION**

Plaintiffs' motion again addresses claims arising out of the termite inspection report, which "indicat[ed] that a significant portion of the . . . damage [to the residence] was due to termite damage." *Second Motion to Amend*, p. 3. That report was received by

3

plaintiffs in June 2011.  *Id.*  Although plaintiffs filed their first motion for leave to amend on June 1, 2011, plaintiffs did not at that time specify any additional parties or additional claims sought to be pursued in connection with that termite inspection.  They explain that they acceded to the request of the termite inspector to inspect the home and discuss settlement and "it would have been a waste of this Court's time and ALL of the parties for Plaintiffs to file an amended complaint and then dismiss the termite inspector after settlement . . . ."  *Id.*(emphasis in the original). It was not until November 15, 2012 – thirteen months after the case was filed in this Court, two and one-half months after the close of discovery, after several dispositive motions had been filed and shortly before the date by which all remaining dispositive motions were to have been filed – that plaintiffs filed the *Second Motion to Amend* and articulated for the first time their proposed new claims and identified proposed additional parties.  Although plaintiffs arguably could not have moved to amend by the February 7, 2011 date for filing such motions, as established in the Court's scheduling order, the delay of almost six months from the time that plaintiffs obtained the information underlying their proposed new claims can only be characterized as undue.

As noted *supra*, however, even undue delay in seeking leave to amend will not justify the denial of leave, absent prejudice to the opposing parties. *Janikowski v. Bendix Corp.,* 823 F.2d at 951. Defendants claim, and this Court finds, such prejudice.

To permit plaintiffs to assert their proposed new claims at this late stage would be to unfairly recast the essential nature of the

4

case. *See Leary*, 349 F.3d at 909 n. 27 ("[B]rand-new claims . . . more obviously create prejudice because the defendant must contend with an entirely different substantive issue"). Moreover, the grant of plaintiffs' motion would either subject defendants to the re-opening of discovery and the continuance of the current trial date or deprive them of the opportunity to meaningfully defend against the proposed new claims. The Court will not impose such a dilemma on defendants.[2]

For their part, plaintiffs contend that the denial of their motion will subject them to unreasonable prejudice. Characterizing the termite inspection agency and its employees as required parties within the meaning of Rule 19(a), plaintiffs argue that the failure to join them this action "will deprive Plaintiffs of their ability to protect their interests." *Second Motion to Amend*, p. 4.

> The Buyers' agents and home inspector are claiming the damage was cause by termites. The Seller's agents and the termite inspector are claiming the damage was cause by water. Both parties are pointing fingers at the other and Plaintiffs cannot be granted their day in Court if this Court prevents Plaintiffs from including these indispensable parties.

*Id*. The Court first notes that prejudice to the party seeking leave to amend is not an express consideration under the Rule 15 analysis. In any event, however, the Court concludes that any prejudice

---

[2]Plaintiffs also propose, in the alternative, that the Court "allow Plaintiffs to proceed with trial on their claims against [one of the defendants], pursuant to the actual scheduling order . . . [and] allow Plaintiffs to continue their action against the remaining Defendants as well as to amend their complaint to add the indispensable parties." *Plaintiffs' Reply Memorandum to Defendants Arrow Title Agency, LLC, Jonathan Holfinger, and Chris Moore's Opposition to Second Motion for leave to Amend Complaint*, Doc. No. 113, p.2. This proposal, rather than eliminating burden and prejudice, merely imposes even greater burden on the Court.

redounding to plaintiffs is of their own making. But for plaintiffs' undue delay in seeking leave to amend, these issues could have been addressed prior to the close of discovery, before the filing of current dispositive motions and months before the case was set for trial. To argue, as plaintiffs do, that they should not be held accountable for their own failure to act expeditiously is simply not persuasive.

  **WHEREUPON** plaintiffs' Second Motion to Amend, Doc. No. 93, is **DENIED**.


                _s/ Norah McCann King_
                Norah McCann King
                United States Magistrate Judge
February 10, 2012